## James Campbell *v.* The State.

1. Evidence.— Even though the question propounded to a witness does not directly call for his opinion, if it appears therefrom that whatever answer might be elicited could embody nothing but a mere expression of opinion, the question should be excluded.    See the opinion for an example.

2. Same.— The general rule is that it is for the witness to state the facts, and for the jury to draw the conclusions.    Among the exceptions to this general rule which excludes the mere opinion of non-professional witnesses, one is that on a question of sanity or insanity, a non-professional witness may give his opinion, based upon facts which have come under his own observation.

3. Charge of the Court.— See the opinion for a charge of the court on circumstantial evidence held correct.

4. Murder — Manslaughter.— A defendant on trial for an offense which admits of degrees, cannot be heard to complain that he was convicted of a lower grade of offense than the evidence would have warranted.

Appeal from the District Court of Parker.    Tried below before the Hon. A. J. Hood.

This is the second appeal from a conviction of manslaughter under an indictment charging the appellant with the murder of John Booth in Parker county, Texas, on September 28, 1879.    The former report, to be found on page 84 of the 8th volume of these Reports, sets out a full statement of the evidence upon which the conviction

in the first instance was had. The conviction in this was founded upon the same evidence, except that for the admission of which the former conviction was reversed by this court. The punishment assessed was two years' confinement in the penitentiary.

*Lanham, Roach & Stephenson* filed an able brief for the appellant.

*Horace Chilton,* Assistant Attorney General, for the State.

WINKLER, J.     This is a second appeal from a judgment of conviction for manslaughter. In the former appeal the punishment assessed was confinement in the penitentiary three years, but that conviction was set aside and a new trial awarded the defendant. 8 Texas Ct. App. 84. The appellant was indicted for the murder of one John Booth, alleged to have been committed in Parker county, on September 28, 1879. On the former trial before alluded to, the defendant was convicted, as we have seen, of manslaughter, and thereby virtually acquitted of the crime of murder of both the first and of the second degrees; so that, on the second trial from which this appeal is prosecuted, the defendant was tried alone upon a grade of culpable homicide of which he had not been previously acquitted, viz.: manslaughter. The charge to the jury in the present case ignored entirely the charge of murder contained in the indictment, and submitted to the jury the single question of manslaughter; to which charge of manslaughter the defendant pleaded not guilty.

The numbers of the bills of exception seem to indicate that three were reserved on the trial below; but on an examination of the transcript of the record only two are found, which are denominated respectively Nos. 1 and 3. In bill No. 1 it is recited that a defendant's witness named

Francis, on being examined, testified among other things that his residence was about one and a quarter miles from where the dead body of the party alleged to be John Booth was found, in a northwesterly direction from the residence; that the country between where the body was found was prairie country, and having also stated that he did not hear the report of any gunshots on a certain Sunday, to wit, the last Sunday in September, 1879, stated in the bill of exceptions as the day of the killing, and that on that day, to his best remembrance, the wind was blowing from the south, counsel for the defendant then asked the witness this question: "If there had been three or four shots fired on that day (meaning the said Sunday) at or near the place where the dead body was found, would you have heard the reports?" To the question and the anticipated answer counsel for the State objected, on the ground that the witness could not give his opinion, and that it was for the jury and not for the witness to draw and settle conclusions. The court sustained the objection and refused to permit the witness to answer the question, and the defendant's counsel excepted. The question, it is true, did not ask for an opinion from the witness, but, whilst this is true, it is not perceived how the answer to the question could have embraced anything further than the opinion of the witness as to whether the reports of three or four shots from firearms could have been heard at that time and at the distance the witness was from the supposed place of firing, with the wind blowing from the direction from which, according to the witness' best recollection, it was blowing at the time, it not appearing that the matter had been tested by actual experiment, nor that the witness was in any sense an expert and entitled as such to testify as to his opinion. For aught that appears in the bill of exceptions, the jury was as competent as the witness to deduce the proper conclusions from the supposed state of facts, and it is said

that even the opinions of scientific witnesses are not always admissible in evidence as to the conclusion or inference to be drawn from them. The general rule, to which there are exceptions, is that it is for the witnesses to state the facts and for the jury to draw the conclusions. *Cooper* v. *State*, 23 Texas, 331; Roscoe's Crim. Ev. 135. Among the exceptions to the general rule which excludes the mere opinion of non-professional witnesses one is that an unprofessional witness may give his opinion based upon facts which have come under his own observation, on a question of sanity or insanity. *McClackey* v. *State*, 5 Texas Ct. App. 320; *Webb* v. *State*, Id. 596. We are of opinion the court did not err in refusing to allow the witness to answer the question. See various examples collated in Wharton's Crim. Law, §§ 459–60.

The other bill of exceptions, marked No. 3, relates to the charge of the court, and to its refusal to give certain special instructions asked by the defendant's counsel, and having reference to the charges complained of in the defendant's motion for a new trial; but chiefly, the bill states, "because the law of manslaughter was not fully charged, and because the court charged in regard to mistake of fact and arrest by private persons." On the subject of manslaughter the charge is as follows: "Manslaughter is voluntary homicide, committed under the immediate influence of sudden passion arising from an adequate cause, but neither justified or excused by law. The passion intended in the above definition of manslaughter is either of the emotions of the mind known as anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection. By the word *homicide* is meant the destruction of the life of a human being by the act, agency, procurement or culpable omission of another."

The charge on the subject of mistake of fact and arrest of private persons is as follows: "No mistake of law

excuses one committing an offense, but if a person labor-
ing under a mistake as to a particular fact shall do an act
which would otherwise be criminal, he is guilty of no
offense.   The mistake as to fact which will excuse, as
meant above, must be such a mistake of fact that a per-
son so acting under the mistake of fact would have been
excusable had his conjectures as to the fact been correct,
and it must also be such mistake of fact as does not arise
from a want of proper care on the part of the person com-
mitting the offense."

The other charge complained of is as follows: "On the
subject of arrest the law is this: any private person may
lawfully without warrant arrest an offender when the
offense is committed in his presence or within his view:
provided the offense is one classed as a felony or an
offense against the public peace.   But no private person
has in law the right to arrest or attempt to arrest any
man on his own motion under any other circumstances
than those above stated, and whenever, if at all, such
unlawful arrest as above indicated is attempted, and a
conflict thereby is brought about and ensues between the
parties, resulting in the death of the party sought to be
arrested, the party attempting to make such unlawful
arrest cannot in law either justify or excuse the killing
on the ground that he was merely at the outset intending
and attempting to make an arrest."

We are unable to say from the evidence that there was
no ground for these several charges, nor can we say that
these several charges enunciate any erroneous principle
of law, and we fail to see that the matters to which they
relate were of any vital importance one way or the other
to such an extent as that an unimportant error in them
could work such an injury to the substantial rights of the
defendant as to require a reversal of the judgment.

To our minds the vital questions in the case are the
proofs on the subject of the identity of the body found

with that of the deceased, and the charge of the court by which the jury were to determine this controlling feature in the case, and incidentally whether the proofs adduced were sufficient to establish the identity of the defendant and so to connect him with the homicide as to bring him within the rules of law which would render him guilty of the grade of homicide for which he was tried and convicted, and whether the charge on manslaughter was sufficient to guide the jury aright in determining upon a verdict.

The case was one wherein the guilt of the defendant and the circumstances of the homicide, together with the identity of both the deceased and the defendant, was almost if not wholly dependent upon that character of evidence usually denominated circumstantial. On this branch of the subject the charge of the court, whilst perhaps not so full as that asked by the defendant's counsel, is believed to be amply sufficient to inform the jury what the law requires as to the certainty to which this character of testimony must tend before a jury would be warranted in convicting upon it. The charge is as follows: " In all such cases when the State relies on circumstantial evidence to convict the defendant, the law is that each fact in the chain of facts from which the main fact in issue is to be inferred must be proved by competent evidence beyond a reasonable doubt, and the facts thus proven constituting such chain of facts must be consistent one with another and also fully consistent with the main fact to be established; and the testimony, taken as a whole, when duly weighed and considered, must exclude beyond a reasonable doubt every other hypothesis but the one, viz.: the actual guilt of the defendant." This charge is in substance the charge given to the jury on circumstantial evidence in the celebrated Webster case *(Com.* v. *Webster,* 5 Cush. 296), so often quoted by courts and elementary writers, and is certainly as favorable to the defendant as he could ask, if not more so than absolutely required.

Other portions of the charge given seem to have been very favorable to the defendant. It is conceded that at best some portions of the charge asked by the defendant's counsel, abstractly considered, stated the principle involved correctly, but it is not perceived that they are more explicit or couched in better or more appropriate language than the charges given by the court. If there is any variance between the proof and the finding of the jury, it will be found on a careful examination that the evidence tends rather to establish a higher grade of offense than manslaughter, rather than a lower grade. If this be true, and if by the administration of the law, one accused of crime should be convicted of a lower grade of the crime included within the offense charged in the indictment than the proof warrants, certainly the defendant has no just ground to complain that he has been convicted of a grade of offense lower than the testimony warranted, and one for which a milder punishment is prescribed by law. In this case, however, on account of the facts that on a former trial the defendant had been virtually acquitted of murder, he could not be put on trial for that grade of offense a second time, but this did not prohibit the State from calling upon him to answer for a lower grade of the offense, included within the crime charged in the indictment, and for which he had not been previously tried; and to hold that a conviction for the lower grade of offense could not be sustained on the ground that the proof did not reduce the offense to the lower grade would be to say that the State could not inflict any punishment for the offense whatever, no matter how plain the evidence of his guilt. Such an application of the law would be a monstrous mockery, not to be tolerated.

The appellant has had a fair trial under the law, and has been convicted on an abundance of legal testimony. The punishment imposed can hardly be said to be commensurate with the proofs of his guilt. Every substantial right guaranteed to him by the law seems to have

been carefully guarded by the judge who presided at the trial. No such error has been committed as would warrant this court in disturbing the judgment, and it is affirmed.

*Affirmed.*